PROB 12A
(REVISED 5/2011)

# United States District Court
for
## Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: <u>Marquice D. Lindsley</u>  Case Number: <u>3:09-00294</u>

Name of Sentencing Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Judge</u>

Date of Original Sentence: <u>December 23, 2010</u>

Original Offense: <u>18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm</u>

Original Sentence: <u>Fifty-one months' custody and three years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>August 14, 2013</u>

Assistant U.S. Attorney: <u>Byron M. Jones</u>  Defense Attorney: <u>Ronald C. Small</u>

---

The Court orders:

☒ No Action Necessary at this Time
☐ Submit a Request for Modifying the Condition or Term of Supervision
☐ Submit a Request for Warrant or Summons
☐ Other

THE COURT ORDERS:
☐ No Action
☐ The extension of supervision as noted above.
☐ The modification(s) as noted above.
☐ Other

Considered this 21 day of April, 2015,
and made a part of the records in the above case.

_____
Todd J. Campbell
U.S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

_____
James Foster
U.S. Probation Officer

Place    Nashville, TN

Date    April 20, 2015

## ALLEGED VIOLATION

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation No.**   **Nature of Noncompliance**

**1.**               **The Defendant shall not commit another federal, state or local crime.**

The defendant appears to have violated this condition as evidenced by his arrest on April 1, 2015, wherein he was charged with Driving Under the Influence, Child in Car (a Class A Misdemeanor), and Implied Consent (an Administrative Offense).

The following information was obtained from arrest affidavits filed in Davidson County General Sessions Court, and Metropolitan Nashville Police Department (MNPD) records. On the early morning of April 1, 2015, in Madison, Tennessee, an MNPD officer observed Mr. Lindsley driving 43 miles per hour in a 35 mile-per-hour zone. A traffic stop was conducted, during which the officer noted the defendant had the odor of alcohol on his breath, and Mr. Lindsley admitted to having consumed "a few beers" prior to driving. The defendant reportedly performed poorly during a subsequent field sobriety test, and after he was informed regarding the laws pertaining to implied consent, refused to give consent to have his blood drawn. Because a two-year-old child was present in Mr. Lindsley's vehicle, a search warrant was obtained in order for police to take a sample of the defendant's blood. After the sample was obtained, Mr. Lindsley was charged as noted above and released later the same day on bond totaling $3,000. He is currently scheduled to appear on these charges in Davidson County Criminal Court on April 29, 2015. A record check indicates the defendant's drivers license has not yet been revoked.

On the date of his arrest, Mr. Lindsley telephonically contacted the probation officer to report his contact with law enforcement and subsequently provided the following account of the events. According to the defendant, he was transporting a female friend ("Tamika") and her two-year-old daughter, as Tamika's drivers license was suspended due to a prior traffic offense. Mr. Lindsley admitted to having consumed alcohol earlier in that evening but does not believe his blood alcohol content was above the legal limit. He also believes he performed well when asked to participate in several field sobriety tests, but he feels the tests were greater in number and longer in duration than necessary.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Lindsley began his three-year term of supervised release on August 14, 2013, and is scheduled to terminate supervision on August 13, 2016. He currently resides with his mother and stepfather in Nashville, Tennessee. He has been unemployed since January 31, 2015, when he voluntarily terminated his employment as a vehicle transporter for Nashville Limousine Bus and Transport in order to concentrate on attending his mental health treatment and taking his psychiatric medications as directed. The defendant has filed for Social Security Disability Income (SSDI), and although a previous application for such benefits was declined, he is working with an attorney in order to file an appeal.

Since September 11, 2013, Mr. Lindsley has received mental health treatment at Centerstone Mental Health in Madison, Tennessee, where he attends monthly, one-on-one sessions with a mental health counselor and a licensed medication provider. Mr. Lindsley has been diagnosed with Major Depressive Disorder - Severe with Psychotic Features and Antisocial Personality Disorder. He experiences symptoms which include auditory and visual hallucinations and paranoia. According to prior report from the treatment provider, Mr. Lindsley historically felt little emotional connection to others and expressed no remorse for past actions and behaviors which have harmed others. Additionally, he reported a history of dangerous and aggressive

behaviors undertaken because he had no fear of consequences.

Since the probation officer's last report to the Court, Mr. Lindsley has shown improvement with regard to his participation in mental health treatment and compliance with his psychiatric medication regimen. Mr. Lindsley acknowledges the potential danger his mental health symptoms represent, and he understands the benefit of his prescribed medication in helping to manage these symptoms. Consequently, he has taken steps to make it easier for him to take his medication at the prescribed frequency. For example, the defendant previously took his medication sporadically, because it at times makes him feel lethargic and tired and interfered with his ability to work. Thus, as previously noted, Mr. Lindsley followed the advice of the probation officer and the treatment provider and voluntarily left his employment position in late January 2015, in order to concentrate on medication compliance and file an appeal for SSDI. Since that time, the defendant has generally been consistent in his participation in mental health treatment, either attending appointments as scheduled or rescheduling them when he has been absent, due to forgetfulness or scheduling conflicts. Additionally, he reports taking his medication at the prescribed frequency and dosage. Although Mr. Lindsley reports that he continues to occasionally experience feelings of agitation toward others, he voices a strong desire not to act on such feelings because he understands the potential negative consequences to himself and others, including those he cares about. Consequently, he processes his feelings during treatment sessions and reports that he does his best to remain calm during stressful situations.

Following his arrest for the aforementioned charges, on April 1, 2015, the probation officer instructed the defendant to abstain from any use of alcohol prior to driving a vehicle. Mr. Lindsley reported that, although he disagreed with the charges placed against him, he remained polite and compliant throughout his dealings with law enforcement officers. As evidenced by a voicemail message left by the defendant while he was in police custody, during which the voice of at least one police officer could also be heard, the probation officer can confirm that Mr. Lindsley sounded calm and respectful during that portion of his interaction with police. Mr. Lindsley's treatment providers at Centerstone have been made aware of his arrest and pending charges, and future treatment sessions will be tailored to address issues of substance abuse and poor decision-making.

**U.S. Probation Officer Recommendation:**
The probation officer is requesting that Mr. Lindsley be continued on supervision with no further action taken at this time, pending the disposition of his current charges, so he may take advantage of ongoing treatment services. Any further noncompliance, or conviction on the defendant's pending charges, will be reported to the Court. Assistant U.S. Attorney Byron M. Jones has been advised of these matters and is in agreement with this recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer